# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEIN F. KINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-4025-JWB-KGG |
| | ) |
| KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER GRANTING
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with her federal court Complaint alleging workplace discrimination (Doc. 1), Plaintiff Sein F. Kina has filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 4, sealed) with a supporting financial affidavit. After review of Plaintiff's motion, the Court **GRANTS** the IFP application.

## ANALYSIS

**I.   Motion to Proceed *In Forma Pauperis.***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding *in forma pauperis* in a civil case 'is a

1

privilege, not a right – fundamental or otherwise.'" *Barnett v. Northwest School*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates she is 45 years old and divorced with one dependent.[1]  (Doc. 3-1, sealed, at 1-2.)  She indicates she is unemployed and lists prior employment with Defendant earning a notable hourly

---

[1] Plaintiff lists two dependents, but one is indicated to be 18 years old and, as such, is not a legal dependent.

wage. (*Id.*, at 2-3.) Her only source of income over the past year has been unemployment benefits. (*Id.*, at 5-6.)

Plaintiff does not own real property but does own a modest automobile, with no residual value, on which she makes a modest monthly payment. (*Id.*, at 3-4.) She lists a small amount of cash on hand. (*Id.*, at 4.) She lists modest expenses, including gas, electric, telephone, and car insurance. (*Id.*, at 5.) She also indicates a significant, though not unusually high, monthly rent payment. (*Id.*) She also lists a very sizeable student debt. (*Id.*) She has previously filed for bankruptcy. (*Id.*, at 6.)

Considering the information contained in her financial affidavit, the Court finds that Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (Doc. 4, sealed.)

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 4) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 28th day of April, 2021.

            s/ KENNETH G. GALE
            KENNETH G. GALE
            United States Magistrate Judge