# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SEIN F. KINA,

        Plaintiff,

v.    Case No. 21-4025-JWB

THE STATE OF KANSAS, DEPARTMENT OF
CHILDREN AND FAMILIES VOCATIONAL
REHABILITATION SERVICES,

        Defendant.

## MEMORANDUM AND ORDER

This case is before the court on Defendant's motion to dismiss, or alternatively to strike, portions of the complaint. (Doc. 7.) The motion is fully briefed and is ripe for decision. (Docs. 8, 9, 10.) For the reasons stated herein, the motion is DENIED.

**I. Background**

Plaintiff's complaint alleges that Defendant, Plaintiff's former employer, violated her rights under the Fourteenth Amendment, the Americans with Disabilities Act (ADA), and Title VII of the 1964 Civil Rights Act. (Doc. 1 at 1.) Included in the complaint are allegations that Plaintiff timely filed a discrimination complaint with the Equal Employment Opportunity Commission (EEOC). (*Id.* at 2.) It alleges that Plaintiff initially submitted an EEOC charge alleging disability discrimination and retaliation on December 29, 2019, and that on November 14, 2020, Plaintiff "amended her written statement … to include allegations [of] discrimination and retaliation … because of her disability, color, sex, and national origin." (*Id.* at 5.) The complaint alleges that Plaintiff "received a notice of 'Right to Sue' [letter] … dated January 26, 2021," a

copy of which was attached to the complaint. (*Id.* at 2,8.) The EEOC letter references charge No. 846202004124 and states in part that "you have the right to institute a civil action against [Defendant] under: Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203." (Doc. 1 at 8.)

Defendant's motion to dismiss or strike asserts that Plaintiff has failed to exhaust administrative remedies as to her claims of sex, color, and national origin discrimination. (Doc. 8 at 3-4.) In response to Plaintiff's assertion that she amended the EEOC charge to include such allegations, and to her citation of an exhibit purporting to be a photograph of the amended charge,[1] Defendant asserts that "all of the evidence supports the contention that the 'amended' Charge was never actually filed." (Doc. 10 at 2.) Defendant argues the right-to-sue letter only referenced the initial charge (disability discrimination and retaliation) and the copy of the amended charge cited by Plaintiff is not notarized and contains no indication it was filed. (*Id.*) Defendant thus argues Plaintiff has failed to exhaust administrative remedies as to her claims of sex, color, and national origin discrimination, such that those claims must be stricken from the complaint. (*Id.* at 3.)

**II. Legal Standards**

Defendant's motion cites Fed. R. Civ. P. 12(b)(1) and argues a failure to exhaust remedies deprives the court of jurisdiction. (Doc. 8 at 1, 8.) But "[b]oth Supreme Court and Tenth Circuit precedent hold that failing to exhaust administrative remedies under Title VII is not a jurisdictional prerequisite to suit." *Abouelenein v. Kansas City Kansas Cmty. Coll.*, No. 18-2670-DDC-JPO, 2020 WL 1528500, at *7 (D. Kan. Mar. 31, 2020) (citing *Fort Bend Cty., Texas v. Davis,* 139 S. Ct. 1843, 1851 (2019) and *Lincoln v. BNSF Ry. Co.,* 900 F.3d 1166, 1185 (10th Cir. 2018)). Rather,

---

[1] In response to the motion to dismiss, Plaintiff attached what purports to be a copy of her amended charge. (Doc. 9 at 7.)

failure to exhaust is an affirmative defense. *Id.* (citing *Fort Bend,* 139 S. Ct. at 1851-52; *Lincoln*, 900 F.3d at 1185-86.)

An affirmative defense of failure to exhaust can be raised in a motion to dismiss under Rule 12(b)(6) when the grounds for the defense appear on the face of the complaint. *See Cirocco v. McMahon,* 768 F. App'x 854, 857-58 (10th Cir. 2019). In deciding a Rule 12(b)(6) motion, the court ordinarily considers only the allegations of the complaint, although the court may also consider documents attached to the complaint or documents referred to in the complaint if they are central to the plaintiff's claims and the parties do not dispute their authenticity.[2] *Smallen v. The W. Union Co.,* 950 F.3d 1297, 1305 (10th Cir. 2020).

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III. Analysis**

Taking the allegations in the complaint as true, as the court must on a motion to dismiss, Plaintiff has plausibly alleged that she exhausted administrative remedies on the claims in the

---

[2] Aside from such exceptions, if the court relies upon material outside the pleadings it must convert the motion into one for summary judgment, and must give the parties notice and an opportunity to present relevant evidence. *See Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005). The court declines to convert the motion to one for summary judgment in this instance. In that regard, the court declines to consider the purported amended EEOC charge attached by Plaintiff to her motion response (Doc. 9 at 7), because Defendant disputes the authenticity of the document.

complaint, including her claims under Title VII for discrimination on account of sex, color, and national origin.

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of (among other things) the person's sex, color, or national origin. 42 U.S.C. § 2000e-2(a)(1). Before an employee may bring suit on such a claim, the employee must exhaust administrative remedies by filing a timely charge with the EEOC identifying the parties and describing the practices complained of. *Jones v. Needham,* 856 F.3d 1284, 1289 (10th Cir. 2017). The ADA similarly requires exhaustion of administrative remedies. *Jones v. UPS, Inc.,* 502 F. 3d 1176, 1183 (2007). The EEOC is required to give the aggrieved person notice of the disposition of the charge within 180 days of the filing of the charge, and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge…." 42 U.S.C. §2000e-5(f)(1). Plaintiff's complaint alleges that she timely filed an initial charge with the EEOC claiming disability discrimination and retaliation against Defendant and then amended the charge to add claims of discrimination on the basis of sex, color, and national origin.[3] (Doc. 1 at 5.) The complaint further alleges Plaintiff received a right-to-sue letter from the EEOC dated January 26, 2021, a copy of which was attached to the complaint, and that she brought this action within 90 days thereafter. (*Id.* at 2,8.) These allegations, taken as true, are sufficient to plausibly allege that Plaintiff administratively exhausted her claims of sex, color, and national origin discrimination. *Cf. Huffman v. Mirror, Inc.*, 497 F. Supp. 3d 988, 994 (D. Kan. 2020) (the complaint's allegations of exhaustion were sufficient to withstand motion to dismiss).

---

[3] Subject to certain limitations, EEOC regulations permit claimants to amend their EEOC charges. *See e.g.*, 29 C.F.R. § 1626.8 (A charge may be amended to clarify or amplify allegations made therein; amendments alleging additional acts related to the subject matter of the original charge will relate back to the date the charge was first received.)

In the context of a motion to dismiss under Rule 12(b)(6), Defendant's argument that Plaintiff's amended EEOC charge "was never actually filed" is unavailing. (Doc. 10 at 2.) That assertion obviously relies on evidence and facts outside the pleadings. Assuming Defendant could, in the context of a properly supported motion for summary judgment, show Plaintiff in fact did not file the amended charge, Defendant would then be entitled to dismissal of the Title VII allegations. But under the standards of Rule 12(b)(6), Plaintiff has alleged facts that plausibly support the complaint's assertion that she exhausted her administrative remedies.

In so finding the court has considered the EEOC right-to-sue letter attached to the complaint. *See* Fed. R. Civ. P. 10(c) (an exhibit attached to a pleading is part of the pleading for all purposes). It is true the letter refers only to the ADA and not to Title VII, which raises the possibility that Plaintiff's Title VII claims were not properly exhausted. It is possible, for example, that Plaintiff – contrary to the allegations in the complaint – never filed the amended charge, or that the EEOC determined the Title VII allegations did not qualify as an amendment and treated them as a separate charge – one whose disposition is not clear. But it is also possible the EEOC simply overlooked Title VII when it issued the right-to-sue letter. *Cf. EEOC v. W.H. Braum, Inc.*, 347 F.3d 1768, 1200-01 (10th Cir. 2003) (the commission's failure to issue the notice cannot defeat the claimant's statutory right to sue in district court.) At this stage, Defendant is not entitled to dismissal because the court accepts as true the allegations in the complaint that Plaintiff exhausted her remedies by filing the amended charge and by receiving a right-to-sue notice on the charge from the EEOC. *Cf. Jones,* 502 F.3d at 1185 (plaintiff was not responsible for EEOC's failure to provide notice of charge to employer; "a plaintiff should not be penalized for the EEOC's negligence in handling a charge."); *Hoffman v. Pryer Aerospace, LLC,* No. 20-cv-0224-CVE, 2021 WL 328255, * (N.D. Okla. Feb. 1, 2021) (allegation that charge was amended was sufficient to

survive motion to dismiss, subject to further factual investigation into whether EEOC acted on the purported amendment).

IV. **Conclusion**

Defendant's motion to dismiss and/or strike portions of the complaint (Doc. 7) is DENIED. IT IS SO ORDERED this 7th day of July, 2021.

     s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE